UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADAM LESLIE-DAVID KOLB** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1194** |
| **WARDEN E. DUSTIN BICKHAM, ET AL.** | **SECTION: "M"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Adam Leslie-David Kolb, filed this federal civil rights complaint concerning his housing classification at the Rayburn Correctional Center ("RCC") and a related disciplinary proceeding. The defendants filed a motion to dismiss,[1] and the Court issued orders directing plaintiff to respond to that motion.[2] Those orders were forwarded to plaintiff at RCC, which was the only address he provided in his complaint, but there is a potential problem: plaintiff indicated in his complaint that he was due to be released from custody in September of 2021,[3] and a recent online search indicates that he is not in fact currently in custody. Therefore, the Court is unable to confirm that he is even aware of the defendants' motion, much less of his need to respond to it. In any event, plaintiff's failure to notify the Court of his current address is alone sufficient to warrant dismissal of his lawsuit, given that this Court has no way to contact him or to otherwise advance his case on the docket.

Specifically, this Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. Moreover, it is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it

---

[1] Rec. Doc. 17.
[2] See Rec. Docs. 18 and 19.
[3] See Rec. Doc. 1, p. 11.

is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4]

In addition, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at the RCC, his address of record, was returned by the United States Postal Service as undeliverable, bearing a notation indicating that he was no longer at that facility.[5]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding pro se, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, mail sent to plaintiff at his address of record was returned as undeliverable, and he has not provided the Court with his current

---

[4] Id. at p. 12.
[5] Rec. Doc. 20.

address despite being aware of his obligation to do so. Due solely to his failure, his whereabouts are unknown, and this Court has no way to contact him to advance his case on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

It is **FURTHER RECOMMENDED** that the defendants' motion to dismiss, Rec Doc. 17, be **DENIED WITHOUT PREJUDICE AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __25th__ day of March, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**